IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-3286-CMA

KEITH QUINTANA,

    Petitioner,

v.

CAROLYN COLVIN,

    Respondent.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

This matter is before the Court on Plaintiff Keith Quintana's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA). (Doc. # 23.) Upon consideration of the Motion and the Defendant's Response, which does not oppose the attorney fee request, it is hereby ORDERED that Plaintiff's Motion is GRANTED in part, and the Court ORDERS as follows:

1. Plaintiff was the "prevailing party" in this action for purposes of the EAJA;[1]

2. Defendant will pay Plaintiff[2] a total of $7,362.50 in EAJA fees. In the instant matter, Plaintiff assigned his right to EAJA fees to his attorney (Doc. # 23-4);

---

[1] Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). As ample case law indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), he is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

thus, after receiving the Court's Order, if the Commissioner (1) determines that Plaintiff does not does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner will pay the remaining EAJA fees after offset by a check made out to Plaintiff but delivered to Plaintiff's attorney.

3. Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

4. Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

DATED: October 1, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] "The clear language of the [EAJA] provides that attorney's fees are paid to the prevailing party, not the attorney." *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007); *see also Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).